J-A31040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THEODORE J. CASH, | |
| Appellant | No. 953 MDA 2015 |

Appeal from the PCRA Order May 5, 2015
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-MD-0000682-1991

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED JANUARY 07, 2016**

Appellant, Theodore J. Cash, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

We take the relevant facts and procedural history from the PCRA court's June 23, 2015 opinion and our independent review of the record.  On October 23, 1992, a jury found Appellant guilty of possession with intent to deliver a controlled substance.[2]  On September 22, 1993, the trial court sentenced him to a term of not less than three nor more than ten years'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court's order was dated May 4, 2015, but was filed on May 5, 2015.  We have amended the caption accordingly.

[2] 35 P.S. § 780-113(a)(30).

incarceration.[3]   The minimum term of incarceration imposed was the statutory minimum pursuant to 18 Pa.C.S.A. § 7508.  Appellant did not file a direct appeal.

On August 6, 2014, Appellant, acting *pro se*, filed the instant PCRA petition, claiming that his sentence is illegal based on the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151, 2155 (2013) (holding that facts that increase mandatory minimum sentence are elements of offense and must be submitted to jury and proven beyond reasonable doubt).  (**See** PCRA Petition, 8/06/14, at 3-4).[4]  The PCRA court appointed counsel to represent Appellant on August 21, 2014.  On October 17, 2014, counsel petitioned to withdraw his appearance and filed a **Turner/Finley**[5] "no merit" letter.  On October 28, 2014, the PCRA court entered an order granting counsel's petition to withdraw and notifying Appellant of its intent to dismiss the PCRA petition without a hearing.[6]

---

[3] The record reflects that Appellant is still serving his sentence in this matter.  (**See** PCRA Court Opinion, 6/23/15, at 2).  Appellant's maximum date of incarceration in this case is December 22, 2016.  (**See** **Turner**/**Finley** letter, 10/17/14, at unnumbered pages 1, 3).

[4] The sentencing scheme set forth in section 7508 has been held unconstitutional in light of **Alleyne**, *supra*.  **See Commonwealth  v. Mosley**, 114 A.3d 1072, 1087 (Pa. Super. 2015); **Commonwealth v. Cardwell**, 105 A.3d 748, 754-55 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).

[5] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant did not respond. On May 5, 2015, the court entered its order dismissing Appellant's PCRA petition. This timely appeal followed.[7]

Appellant raises the following issues for our review:

I. Did the [PCRA] court properly review and address [Appellant's] PCRA petition?

II. Did the [PCRA] court properly dismiss [Appellant's] PCRA petition without a hearing?

III. Did the [PCRA] court error [sic] when it allowed [counsel] to withdraw as counsel of record?

(Appellant's Brief, at 3).

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

*(Footnote Continued)* ────────────────

[6] ***See*** Pa.R.Crim.P. 907(1).

[7] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on June 17, 2015. ***See*** Pa.R.A.P. 1925(b). The PCRA court entered an opinion on June 23, 2015. ***See*** Pa.R.A.P. 1925(a).

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations

and quotation marks omitted).

"[W]e must first consider the timeliness of Appellant's PCRA petition

because it implicates the jurisdiction of this Court and the PCRA court." ***Id.***

(citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final,[8] unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations

and footnote omitted).

In this case, Appellant's judgment of sentence became final on October

22, 1993, thirty days after the trial court imposed its sentence and his time

for filing a direct appeal expired. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. §

---

[8] In cases where the petitioner's judgment of sentence became final prior to the effective date of the 1995 amendments to the PCRA, the petition is deemed timely if it was filed within one year of the effective date of the amendments, specifically, by January 16, 1997. ***See Commonwealth v. Voss***, 838 A.2d 795, 799 (Pa. Super. 2003).

9545(b)(3). Because Appellant's judgment of sentence became final before the effective date of the 1995 PCRA amendments, the operative deadline for filing his petition was January 16, 1997. **See Voss**, **supra** at 799. Therefore, Appellant's instant petition, filed on August 6, 2014, is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Id.** "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must

"be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant claims the benefit of a newly-recognized retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in *Alleyne*, *supra*. (*See* Appellant's Brief, at 4-8); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). He asserts that *Alleyne* applies retroactively to this case, and his illegal sentence must be corrected. (*See* Appellant's Brief, at 4-8). We disagree.

Instructive to the instant case is this Court's decision in *Miller*, *supra*, in which the appellant argued the applicability of section 9545(b)(1)(iii) to his patently untimely PCRA petition. *See Miller*, *supra*, at 993. Specifically, the appellant averred that the *Alleyne* decision announced a new constitutional right that applies retroactively to cases on collateral review. *See id.* at 993-94. The *Miller* Court disagreed, explaining:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.* However, in order for this Court to review

a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven.

***Id.*** at 995-96 (quotation marks, footnote, and citations omitted).

In the instant case, although Appellant claims a right to relief based on ***Alleyne***, neither the United States Supreme Court nor our Supreme Court has held that ***Alleyne*** applies retroactively to cases on collateral review. ***See id***. at 995. "This is fatal to Appellant's argument regarding the PCRA time-bar." ***Id.*** Therefore, Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's jurisdictional time-bar. ***See id.***; ***see also Jones***, ***supra*** at 17.[9] Accordingly, we conclude that the PCRA court properly dismissed Appellant's petition without a hearing because it is untimely with no exception to the time-bar pleaded or proven. ***See Jackson***, ***supra*** at 519.

Order affirmed.

---

[9] The United States Supreme Court decided ***Alleyne*** on June 17, 2013. Appellant filed the instant PCRA petition more than a year later, on August 6, 2014. Therefore, Appellant has failed to comply with the PCRA's sixty-day rule. ***See*** 42 Pa.C.S.A. § 9545(b)(2). Appellant's petition would fail for this reason as well.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/7/2016</u>